REVISED May 13, 2009

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-50444
Summary Calendar

**United States Court of Appeals Fifth Circuit**

**F I L E D**

May 12, 2009

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AUGUSTIN CRUZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-342-4

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Augustin Cruz appeals his jury-trial conviction for conspiracy to possess with intent to distribute, and possession with such intent, 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. The sole issue raised on appeal is whether the district court erred in excluding from evidence the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's 30 April 2007 motion to dismiss the initial complaint against Cruz without prejudice. The motion declared that, in the light of the relevant evidence then known, the case against Cruz was not "readily provable". Additional evidence implicating Cruz in the conspiracy, however, was provided shortly thereafter by Cruz' codefendants. This evidence formed the basis of the superseding indictment against Cruz. Cruz contends the Government's motion was admissible as a statement of a party-opponent under Federal Rule of Evidence 801(d)(2).

Evidentiary rulings are reviewed for abuse of discretion, subject to harmless-error analysis. United States v. Cantu, 167 F.3d 198, 203 (5th Cir. 1999). For an evidentiary ruling to constitute reversible error, it must have substantially prejudiced the defendant's rights. See United States v. Sanders, 343 F.3d 511, 519 (5th Cir. 2003); FED. R. EVID. 103(a).

We need not address whether the Government's motion constitutes an admissible statement of a party-opponent under Rule 801(d)(2), because Cruz has failed to maintain, much less demonstrate, that the claimed error affected the outcome of the proceedings. Moreover, any such contention would not be supported by the record.

At trial, the jury heard testimony that the Government did not have enough evidence in April 2007 to pursue a case against Cruz, which is precisely what the motion evinces. The motion does not indicate the Government believed Cruz was innocent but that the case was not "readily provable" as of the date the motion was filed. Further, the jury heard testimony that the Government subsequently received additional evidence from codefendants detailing Cruz' involvement in the case; and, the codefendants testified at trial. As such, even if the evidentiary ruling was erroneous, Cruz has failed to demonstrate it affected his substantial rights. Accordingly, any error was harmless. See Sanders, 343 F.3d at 519.

AFFIRMED.